# EXHIBIT C

# EXHIBIT C-1

**GIBBONS**

WILLIAM P. DENI, JR.
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102
Direct: (973) 596-4853 Fax: (973) 639-8373
wdeni@gibbonslaw.com

December 27, 2023

**CONFIDENTIAL**
<u>VIA ECF</u>

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re: **IN RE LUMIFY**
         **Civil Action No. 21-16766 (RK) (RLS) (CONSOLIDATED)**

Dear Judge Singh:

    This firm, along with Finnegan, Henderson, Farabow, Garrett & Dunner LLP, represents Plaintiffs in the above-referenced matter. We write, jointly with counsel for Defendants, to raise a dispute that has arisen between the parties regarding conducting depositions prior to the upcoming preliminary injunction hearing before Judge Kirsch on January 23-25, 2024. Specifically, it is Plaintiffs' position that Defendants should be permitted to depose Plaintiffs' witnesses only once and at timing convenient for the witnesses, and it is Defendants' position that Defendants should be permitted to depose Plaintiffs' witnesses who submit an opening and reply declaration twice, once prior to Defendants' opposition to Plaintiffs' preliminary injunction motion and again after Plaintiffs' reply. The parties' positions are set forth below.

<u>**Plaintiffs' Position**</u>

    As Your Honor is aware, on November 22, 2023, the parties submitted a joint letter (ECF No. 131) to Judge Kirsch with the following proposed schedule for preliminary injunction proceedings:

| | |
|---|---|
| Plaintiffs' Deadline to File Motion for Preliminary Injunction | December 15, 2023 |
| Defendants' Opposition Deadline | January 5, 2024 |
| Plaintiffs' Reply Deadline | January 17, 2024 |
| Hearing on Motion for Preliminary Injunction | Week of January 22, 2024 |

In reaching an agreement on this proposed schedule, the parties had multiple calls and email exchanges, yet not once did Defendants propose or even mention depositions of witnesses during this period. The first time that Defendants broached the subject was the afternoon of December 16, when Defendants requested that Plaintiffs, by December 19, provide availability for Plaintiffs'

Case 2:24-cv-07791-BRM-CLW   Document 100-3   Filed 01/23/25   Page 4 of 12 PageID: 10056
Case 3:21-cv-16766-RK-RLS   Document 299   Filed 05/03/24   Page 2 of 7 PageID: 38896

GIBBONS P.C.

Honorable Rukhsanah L. Singh, U.S.M.J.
December 27, 2023
Page 2

witnesses from December 26 to January 4—a timeframe that had never been discussed or agreed upon, and is nonsensical for multiple reasons. Plaintiffs responded that they would look into witness availability but that the witnesses would be made available only once for deposition. Defendants have maintained their demand that Plaintiffs' witnesses be made available twice, which has led to the present dispute. Plaintiffs' position is straightforward—there is no basis for Defendants to conduct two depositions of Plaintiffs' witnesses, particularly in such a short time frame.

First, Defendants' position is directly at odds with Federal Rule of Civil Procedure 30(a)(2)(A)(ii) which requires leave of the court to depose a witness more than once. *See McKinney v. Holmes*, C.A. No. 14-3563 (KM), 2021 WL 6061659, at *2 (D.N.J. Nov. 23, 2021) (requiring party to obtain leave of the court to conduct a second deposition of a witness). And Defendants have not demonstrated any compelling reason that, consistent with Federal Rule of Civil Procedure 26(b)(1) and (2), would entitle them to depose Plaintiffs' witnesses twice. *See, e.g.*, *Melhorn v. N.J. Transit Rail Operations, Inc.*, 203 F.R.D. 176, 180 (E.D. Pa. 2001) ("Absent some showing of need or good reason for doing so, a deponent should not be required to appear for a second deposition."); Fed R. Civ. P. 26(b)(1) (requiring consideration of, among other things, whether "the burden or expense of taking the discovery outweighs its likely benefit").

Second, Defendants' position that a second deposition is necessary to address any reply declarations submitted by Plaintiffs' witnesses is unavailing given that the Local Patent Rules themselves contemplate situations where parties are not permitted a second deposition even where a witness submits a second declaration. Indeed, in the context of *Markman* proceedings, Local Patent Rule 4.5 provides that depositions of experts who submitted opening *Markman* declarations are to be completed prior to responding *Markman* declarations, with no further depositions prior to the *Markman* hearing. Thus, it is not uncommon in DNJ patent cases for parties to go into a hearing before the court having not deposed an expert on a second-filed declaration. To the extent Defendants feel the need to question Plaintiffs' witnesses on some aspect of any reply declaration, they can either do so during the preliminary injunction hearing or wait to take their single deposition of those witnesses until after Plaintiffs' reply.

Third, Defendants' proposal is simply unworkable. Plaintiffs have submitted 7 witness declarations with their preliminary injunction motion, and Defendants have indicated that they intend to submit at least 7 witness declarations, and possibly more, in support of their opposition. Under the compressed timetable for preliminary injunction proceedings— ██████████████████████████████████████████████████████████████████████████████████—conducting at least 14 depositions is challenging to say the least, particularly during the holiday season. And Defendants' position that Plaintiffs' witnesses should be deposed twice, further increasing the number of depositions, is unreasonable and unworkable.

GIBBONS P.C.

Honorable Rukhsanah L. Singh, U.S.M.J.
December 27, 2023
Page 3

Fourth, permitting Defendants to depose Plaintiffs' witnesses twice while the parties are preparing for the preliminary injunction hearing before Judge Kirsch and prior to Defendants' submitting *any* briefing is fundamentally unreasonable and unduly burdensome on Plaintiffs, Plaintiffs' witnesses, and Plaintiffs' counsel. It not only increases Plaintiffs' costs and expenses, but it also requires Plaintiffs' witnesses and counsel to double the amount of time spent preparing and sitting for depositions instead of preparing for the preliminary injunction hearing before Judge Kirsch, including preparing for the technology tutorial. Defendants should not be allowed to burden and distract Plaintiffs in such a fashion. *See, e.g.*, *State Farm Mutual Auto Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008) (finding that serial depositions may be costly and burdensome and "provide[] the deposing party with an unfair strategic advantage, offering it multiple bites at the apple"). In this same vein, Plaintiffs have yet to see Defendants' positions and will see those positions for the first time on January 5.[1] *See Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1375 n.7 (Fed. Cir. 2015) ("Invalidity is an affirmative defense, and the patentee need not address invalidity as an initial matter in filing for a preliminary injunction."). Defendants' request to seek expert depositions of Plaintiffs' witnesses *prior to* disclosing their case is likewise unreasonable and adds to Defendants' strategic advantage, as such depositions would include questioning related to legal and factual theories that Plaintiffs' witnesses had not even seen, reviewed, or considered.[2]

Defendants frivolously allege that "Plaintiffs mistake the purpose of depositions in a preliminary injunction proceeding." For at least the reasons discussed above, Defendants' meritless rhetoric has no place before this Court. Plaintiffs do not dispute that "Defendants should be able to depose [Plaintiffs'] declarants on their claims"; rather, it is Defendants' unwarranted diatribe that this Court should summarily reject.

Defendants further complain about consolidation of the ongoing '600 patent litigation with the '245 patent litigation. Contrary to Defendants' meritless complaints, Defendants in fact consented to this consolidation (ECF Nos. 143, 145), and this consolidation of course does not delay depositions in any way, notwithstanding Defendants' baseless suggestions otherwise. The Court accordingly should not countenance Defendants' arguments that Plaintiffs have engaged in any alleged "unfair attempt to weaponize their own proposal in an effort to now avoid depositions."

---

[1] Plaintiffs seek preliminary relief based on a patent that issued and was asserted on December 5, 2023. The parties have not yet exchanged disclosures pursuant to L. Pat. R. 3 on this patent.

[2] In the spirit of compromise and without prejudice to the other witnesses—who are very differently positioned—Plaintiffs have offered to make the two Bausch + Lomb employee witnesses available for their depositions on January 4, specifically in light of the limited scope and unique nature of their declarations, coupled with Defendants' agreement *not* to seek to re-depose them, even if they submit reply declarations.

GIBBONS P.C.

Honorable Rukhsanah L. Singh, U.S.M.J.
December 27, 2023
Page 4

The cases Defendants cite do not dictate a contrary result. In *Lavell v. Camden Cty. College*, C.A. N. 21-6832-KMW-EAP, 2023 WL 4074077, at *9 (D.N.J. June 30, 2023), a second deposition was ordered because the plaintiffs' expert submitted a rebuttal report that was untimely, did not adequately respond to the defendants' expert report, and contradicted plaintiffs' initial expert report—none of which is at issue here. Similarly, in *Kimmel v. Mass. Bay Ins. Co.*, C.A. No. 21-12743-CPO-EAP, 2023 WL 8714336, at *14 (D.N.J. Dec. 15, 2023), the Court struck plaintiffs' untimely supplemental expert report that violated F.R.C.P. 26(a)(2)(B) and permitted plaintiffs to submit a second affirmative expert report that fully complied with Rule 26—again none of which is at issue here. *See also Biovail Lab'ys Int'l SRL v. Cary Pharms. Inc.*, 2010 WL 2132021, at *3 (D. Del. May 26, 2010) (allowing party to depose an expert a second time, where, unlike here, that expert submitted an untimely supplemental declaration for claim construction). Nor do the parties' reservations of rights in *Par Pharms. v. QuVa Pharma, Inc.*, C.A. No. 17-06115, Dkt. No. 40-1 at *2 (D.N.J. Sept. 29, 2017) or the parties' wholly unrelated schedule in *Bay Materials, LLC v. 3M Co.*, C.A. No. 21-1610-RGA, Dkt. No. 34, at 2 (D. Del. Jan. 19, 2022) have any relevance here, where, as discussed above, Plaintiffs and Defendants negotiated a schedule and now Defendants seek to engage in unworkable and unwarranted multiple depositions, contrary to the Federal Rules and the very schedule upon which Plaintiffs and Defendants agreed and submitted to the Court.

For at least these reasons, Plaintiffs respectfully request that Defendants' request to conduct multiple depositions of Plaintiffs' witnesses be denied—there should be single depositions of each witness, at a date and time reasonable for the witnesses.

**Defendants' Position**

It is not and never has been Defendants' position that Defendants are entitled to two full depositions of Plaintiffs' declarants. Defendants presented Plaintiffs with a workable solution to allow for efficient depositions of each declarant. Defendants proposed the following deposition protocol:

- Plaintiffs will make their declarants available for remote deposition from December 26 to January 3. Defendants will agree that these depositions would be limited to 5 hours each.
- Defendants will make their declarants available for remote deposition from January 8-15. These depositions would be limited to 7 hours each.
- Plaintiffs will make any declarants that submit declarations in support of Plaintiffs' reply available for remote depositions from January 17-22. If the witness previously submitted a declaration and was previously made available for deposition, then Defendants will agree that the deposition would be limited to 2 hours (unless the witness offers testimony on a legal issue not previously included in that witness's declaration, in which case the length of deposition shall be

GIBBONS P.C.

Honorable Rukhsanah L. Singh, U.S.M.J.
December 27, 2023
Page 5

> extended to 3 hours to reasonably account for that new topic). If the witness is submitting a declaration for the first time in these proceedings, then the deposition would be limited to 7 hours.

Defendants' proposal takes advantage of the time the Parties have to prepare for the hearing and ensures that both sides are given a fair and adequate opportunity to test the veracity of the witnesses and to try their cases before the Court. Additionally, Defendants requested no more time than what parties usually reserve for depositions—Defendants just ask that it be split in two segments to account for any new evidence or testimony. To the extent Plaintiffs do not rely on new evidence or testimony through their declarants, then the need for a second deposition is obviated.

Plaintiffs take issue with two aspects of this proposal: (1) when witnesses should be made available; and (2) whether the Parties may hold open depositions to account for any new positions or evidence provided by a party after the initial deposition. Defendants should be able to test the veracity of a declarant's testimony before having to respond to that declarant's claims. By being able to do so, the Parties can focus the issues before the Court and engage in the diligence that adversarial proceedings such as these require and promote. And where a declarant is deposed and thereafter presents new evidence or testimony, Defendants should be allowed the opportunity to conduct a shortened deposition, especially where Defendants do not have the opportunity to submit a surreply.

Plaintiffs served their motion for a preliminary injunction and supporting declarations on Defendants on December 16, 2023, at 12:00 AM. Defendants requested availabilities for remote deposition for Plaintiffs' declarants the same day. Defendants' request to depose Plaintiffs' declarants before Defendants' response brief is due should come as no surprise to Plaintiffs. *See, e.g.*, *Par Pharms. v. QuVa Pharma, Inc.*, C.A. No. 17-06115, Dkt. No. 40-1 at *2 (D.N.J. Sept. 29, 2017) (noting that the "Parties reserve the right to seek additional discovery, including depositions, with respect to any declaration or affidavit submitted in support of Plaintiffs' motion for preliminary injunction or Defendants' opposition to that motion"); *Bay Materials, LLC v. 3M Co.*, C.A. No. 21-1610-RGA, Dkt. No. 34, at 2 (D. Del. Jan. 19, 2022) (setting a schedule for the parties where depositions are conducted before the parties submit their respective response or reply briefs).

It is disingenuous for Plaintiffs to claim that they were surprised by Defendants' request for depositions of the declarants prior to Defendants submitting their opposition brief. Contrary to Plaintiffs' position, it is not uncommon for parties to take multiple depositions of the same expert. Plaintiffs cite to Fed. R. Civ. P. 30 for support, but Rule 30(a)(2)(A) allows for parties to stipulate to multiple depositions. Rule 30(a)(2)(A)(ii) allows a party to seek leave from the Court for a second deposition, and the Court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 26(b)(1) allows for parties to seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . the importance of the discovery

**GIBBONS P.C.**

Honorable Rukhsanah L. Singh, U.S.M.J.
December 27, 2023
Page 6

in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Any new evidence or testimony offered by Plaintiffs' declarants is very likely to be relevant to the Parties' positions on a preliminary injunction. Defendants will not know until Plaintiffs provide such new evidence or testimony in their reply brief how probative it might be to the issues raised by Plaintiffs' motion for a preliminary injunction, but Defendants do know that the stakes are incredibly high: if Plaintiffs prevail on their motion for a preliminary injunction, Defendants will be enjoined from bringing their affordable product to market for at least months if not years. Finally, the burden is minimized here for several reasons: (1) all depositions would be remote eliminating the burdens of travel; (2) Defendants have proposed abbreviated, five-hour depositions for Plaintiffs' known declarants; and (3) Defendants have asked for only an additional two-to-three hours to depose previously-deposed declarants on new testimony or legal arguments.

Plaintiffs cite to *Melhorn v. New Jersey Transit Rail Operations, Inc.* to support their position, but the facts of that case are distinguishable: concerning the plaintiff's allegations that he was injured at work, the defendant sought to depose the plaintiff again for the sole purpose of "preserv[ing] the impeachment value of surveillance which was taken after Plaintiff's initial deposition," which the defendant argued refuted the plaintiff's alleged injuries. 203 F.R.D. 176, 180 (E.D. Pa. 2001). The court denied the defendant's request for a second deposition because the court found that reason to be inadequate. That is not the case here where Defendants seek the ability to depose Plaintiffs' declarants on any new evidence or testimony they offer after Defendants respond to Plaintiffs' motion for a preliminary injunction.

Plaintiffs cherry pick portions of the Local Rules for support and ignore that this Court has provided parties the ability to seek a deposition where an expert provides new testimony after the first deposition. *See, e.g.*, *Lavell v. Camden Cty. College*, C.A. N. 21-6832-KMW-EAP, 2023 WL 4074077, at *9 (D.N.J. June 30, 2023) ("Defendant is granted leave to file a second expert report and to re-depose [expert who submitted a rebuttal report introducing a new method of calculating damages]"); *Craig Kimmel v. Mass. Bay Ins. Co.*, C.A. No. 21-12743-CPO-EAP, 2023 WL 8714336, at *14 (D.N.J. Dec. 15, 2023) (allowing Defendant the ability to re-depose Plaintiff's expert if Plaintiff's expert submitted a second report); *see also Biovail Lab'ys Int'l SRL v. Cary Pharms. Inc.*, 2010 WL 2132021, at *3 (D. Del. May 26, 2010) (allowing party to depose an expert a second time after that expert submitted a supplemental declaration for claim construction).

Plaintiffs allege that it would be "unreasonable" for Defendants to "seek expert depositions of Plaintiffs' witnesses" because Defendants have not yet disclosed their case. This allegation bears no weight.

Plaintiffs mistake the purpose of depositions in a preliminary injunction proceeding. Plaintiffs bear the burden to show that all four factors are met—they must show that there is a likelihood they will succeed on the merits (meaning that Defendants will likely be found to infringe at least one valid claim of the '245 patent), Plaintiffs will suffer irreparable harm but for an injunction; the balance of the equities favors Plaintiffs; and an injunction is in the public interest. That burden

GIBBONS P.C.

Honorable Rukhsanah L. Singh, U.S.M.J.
December 27, 2023
Page 7

remains with Plaintiffs throughout the preliminary injunction proceedings. Plaintiffs have offered 7 declarations supporting their motion for a preliminary injunction. Defendants should be able to depose those declarants on their claims.

To the extent Plaintiffs now claim that they would be disadvantaged by not having Defendants' contentions specifically for the '245 patent, it was Plaintiffs that suggested consolidating the '245 patent litigation they filed against Defendants on December 5, 2023, with the ongoing '600 patent litigation, and it was Plaintiffs that suggested that the Parties could proceed with preliminary injunction proceedings without having served contentions first. Plaintiffs in fact suggested that the Parties could supplement or serve contentions after the proceedings concluded. The Court should disregard Plaintiffs' unfair attempt to weaponize their own proposal in an effort to now avoid depositions.

Plaintiffs claim that Defendant's proposal is simply unworkable but neglect to tell the Court what Plaintiffs have offered so far. When the Parties met and conferred on this issue on Wednesday, December 20, 2023, Plaintiffs proposed that the Parties depose *all* declarants from January 18–22. That means the Parties would need to depose 14 or more witnesses in the five days immediately preceding the hearing (the final number is not clear and while Plaintiffs have so far submitted 7 witness declarations, Plaintiffs disclosed another expert witness after filing their motion). And rather than work with Defendants to negotiate a reasonable deposition schedule, Plaintiffs merely proposed that the Parties only take an hour or two to depose each witness, which as a general rule is likely inadequate to test the veracity of the testimony.

While Defendants would prefer to have negotiated the deposition schedule with Plaintiffs, Plaintiffs have been unwilling to meaningfully engage in reaching a solution and time is running out. Defendants request that the Court adopt the deposition schedule that Defendants have already proposed to Plaintiffs.

***

The parties thank the Court for its time and attention to this matter and remain available at the Court's convenience for a conference to address this dispute.

Respectfully submitted,

s/William P. Deni, Jr.
William P. Deni, Jr.

cc: All counsel of record (via ECF)

# EXHIBIT C-2

Case 2:24-cv-07791-BRM-CLW   Document 100-3   Filed 01/23/25   Page 11 of 12
Case 3:21-cv-16766-RK-RLS   Document 162   Filed 12/28/23   Page 1 of 2 PageID: 11366
PageID: 12006

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

IN RE LUMIFY

Civil Action No. 21-16766 (RK) (RLS)
(CONSOLIDATED)

**ORDER**

**THIS MATTER** having come before the Court upon the parties' joint letter dated December 27, 2023 in which the parties raised a discovery dispute, (Dkt. No. 159); and the Court having considered the arguments of counsel set forth therein; and exercising the Court's discretion in managing discovery; and for purposes of the preliminary injunction proceedings; and for good cause shown,

**IT IS** on this **28th** day of **December 2023** hereby

**ORDERED** that Plaintiffs shall make their declarants available for remote depositions from December 26, 2023 to January 3, 2024, unless otherwise agreed to by all counsel. These depositions shall be limited to seven (7) hours each; and it is further

**ORDERED** that Defendants shall make their declarants available for remote depositions between January 8 to 15, 2024, unless otherwise agreed to by all counsel. These depositions shall be limited to seven (7) hours each; and it is further

**ORDERED** that to the extent Plaintiffs proffer a new declarant in support of Plaintiffs' reply, Plaintiffs shall make those declarants available for remote depositions between January 17 and 22, 2024, unless otherwise agreed to by all counsel. These depositions shall be limited to seven (7) hours each; and it is further

Case 2:24-cv-07791-BRM-CLW   Document 100-3   Filed 01/23/25   Page 12 of 12
                                  PageID: 10064
Case 3:21-cv-16766-RK-RLS   Document 162   Filed 12/28/23   Page 2 of 2 PageID: 11367

**ORDERED** that to the extent Defendants contend a second deposition of a declarant who was previously deposed is necessary in light of new topics raised for the first time in Plaintiffs' reply, Defendants shall notify Plaintiffs and the undersigned of such, together with the basis for seeking such second deposition by no later than January 18, 2024 at 4:00 p.m. E.S.T. Defendants shall notify the undersigned via email at rls_orders@njd.uscourts.gov and via electronic filing.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**