**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE SELENIOUS ACID LITIGATION | Civil Action No.: 1:24-cv-07791 (BRM) (CLW)<br><br>**DECLARATION OF CHARLES H. CHEVALIER IN SUPPORT OF MOTOIN TO SEAL MATERIALS** |

I, **CHARLES H. CHEVALIER,** of full age, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey, where I am member in good standing of the bar. I am a Director of the firm of Gibbons P.C., co-counsel for Plaintiff American Regent, Inc. in the above-referenced matter ("ARI").

2. I make this Declaration based upon my knowledge in support of the Joint Motion to Seal the following:

- **Portions of the February 3, 2025 Letter from Charles H. Chevalier to The Honorable Brian R. Martinotti, U.S.D.J. (ECF No. 119); and**

- **Portions of the February 4, 2025 Letter from James S. Richter to The Honorable Brian R. Martinotti, U.S.D.J. (ECF No. 121).**

("the Materials").

3. The Materials include, contain or reference information that is of such a highly sensitive information that it is not appropriate for public disclosure. Such information includes confidential business, commercial, or proprietary information.

4. This patent action involves confidential information and, specifically the Materials contain, confidential information regarding business strategies, trade secrets, or other confidential research, development, formulation, manufacturing, regulatory, financial, marketing, commercial,

or competitive information or analysis of the producing party, or of a third party, if such material is or was within the possession, custody, or control of the producing party, that such producing party has a legitimate interest in protecting as confidential and that competitors in the marketplace could utilize to gain an unfair competitive advantage to its detriment.

5. The interests of the parties that are believed to warrant highly confidential treatment of the Materials include that alleged valuable information would be lost where business competitors would gain an unfair advantage over the parties if these competitors were to gain access to the Materials and the commercially sensitive, proprietary and/or trade secret information contained in them.

6. The interests of the public that are believed to warrant granting the Motion to Seal the Materials include the interest of not burdening litigants' access to the Court by requiring public disclosure of alleged valuable highly confidential information as a condition of litigating their rights.

7. It is believed that the clearly defined and serious injury that would result should the Motion to Seal the Materials not be granted is that alleged valuable information created at substantial expense would be lost.  It is believed that confidential business information and strategies would be revealed to the ARI's competitors and these competitors would unjustly gain the ability to thwart, anticipate or usurp those plans and strategies to the competitors' advantage and ARI's detriment.

8. To the extent any of the documents subject to this Motion to Seal contain both highly confidential and non-confidential information, a version with the confidential portions redacted have been field publicly as reflected in the Index submitted herewith.  Besides filing redacted

versions of the documents on the public docket there is no less restrictive alternative is available or practicable.

9. ARI is aware of no prior orders sealing similar or related materials that have been entered in this action.

10. There are no parties or nonparties known to be objecting to the sealing of the Materials.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Dated: March 4, 2025                          s/ Charles H. Chevalier
Newark, New Jersey                                Charles H. Chevalier