**EXHIBIT A**

1. **February 3, 2025 Letter to Court (ECF No. 119)**

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing The Same Materials In The Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 1 – first full paragraph | From the word following "ARI" to the word "and before" | Highly confidential, competitive, and non-public information, including marketing, sales, business strategies and other business information of Defendants | Disclosure of the confidential portions of the Letters would reveal Defendants' confidential commercial, business and proprietary information, would provide the public insight into the business and operations of Defendants, and could cause competitive harm to Defendants. | Defendants propose sealing only limited portions of the Letters, which discuss highly confidential, competitive, and non-public information. Proposed redacted version of the Letters have been filed. | | Plaintiff does not oppose the sealing of this information. |
| Page 1 – second full paragraph | From the word following "Defendants'" to the end of the sentence; from the word following "agree to" to the word "yet Defendants" | | | | | |
| Page 2 – second line | From the word following "from" to the | | | | | |

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing The Same Materials In The Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | end of the sentence | | | | | |
| Page 2 – first full paragraph | From the word following "March 2025" to the word "Even this" | | | | | |
| Page 2 – third full paragraph | From the word following "dispute that" to the end of the sentence | | | | | |
| Page 2 – footnote 2 | From the word following "order to" to the end of the sentence | | | | | |
| | | | | | | |

2

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing The Same Materials In The Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 3 | Second line after "involving" until "and" on line 3; fifth line after "in" until "*Id.*" on line 6; seventh line between "competition," and "*Id.*"; eighth line between "ARI" and "in" and after "of"; ninth line after "products," until "As" on line 10; tenth line after "consequence" until "without" on line 11; | ARI requests sealing of its proprietary commercial and business interests, including, but not limited to, nonpublic confidential business information and references to internal documents and nonpublic proprietary information, including information about competitively sensitive business strategies relating to ARI's Selenious Acid Products. This information is of such a highly sensitive nature that | If filed on the public docket, the information will reveal confidential and proprietary information relating to ARI's nonpublic confidential business information and references to internal documents and nonpublic proprietary information, including information about competitively sensitive strategies relating to ARI's Selenious Acid Products. Disclosure of this confidential information will cause irreparable harm to ARI's business relationships and could cause ARI to lose its competitive advantage in the highly | ARI requests sealing of only the information that will reveal its confidential and business interests, including, but not limited to, information relevant to nonpublic confidential business information and references internal documents and nonpublic proprietary information, including information about competitively sensitive strategies relating to ARI's Selenious Acid Products. A redacted version of the Letter will be filed on the public docket. (Chevalier Decl. ¶ 8). | ARI is unaware of any prior orders sealing the same or related materials. (*See* Chevalier Decl. ¶ 9). | ARI is unaware of any other parties or nonparties known to be objecting to this sealing request. (*See* Chevalier Decl. ¶ 10). |

3

41038055.1

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing The Same Materials In The Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | eleventh line after "Defendants'"; twelfth line after "likely" until "immediately" on line 13; fourteenth line after "so" until "*Id.*" on line 15; fifteenth line after "importantly," until "Thus," on line 16. | it is not appropriate for public disclosure. (Chevalier Decl. ¶¶ 3-4). | competitive pharmaceutical marketplace. (Chevalier Decl. ¶¶ 5-7. | | | |

4

2.  **February 4, 2025 Letter to Court (ECF No. 121)**

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing The Same Materials In The Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 1 - third full paragraph | Entire paragraph | Highly confidential, competitive, and non-public information, including marketing, sales, business strategies and other business information of Defendants | Disclosure of the confidential portions of the Letters would reveal Defendants' confidential commercial, business and proprietary information, would provide the public insight into the business and operations of Defendants, and could cause competitive harm to Defendants. | Defendants propose sealing only limited portions of the Letters, which discuss highly confidential, competitive, and non-public information. Proposed redacted version of the Letters have been filed. | | Plaintiff does not oppose the sealing of this information. |

41038055.1