# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SELENIOUS ACID LITIGATION | Civil Action No.: 2:24-cv-07791 (BRM)(CLW) <br><br> **Motion Day: April 7, 2025** |

## [PROPOSED] ORDER GRANTING JOINT MOTION TO SEAL

This matter having been brought before the Court on the Parties Joint Motion to Seal, and pursuant to Local Rules 5.3(c) and 7.1, and this Court having fully considered the Declarations of Charles H. Chevalier and James S. Richter in support of the Joint Motion to Seal, any submissions in further support thereof, and any opposition thereto, the Index submitted therewith, as well as the record before it, the Court makes the following findings:

**IT IS** this _____ day of _____, 2025;

**THIS COURT FURTHER FINDS** that the following materials contain information that is such a highly sensitive nature that it is not appropriate for public disclosure. Sealing is sought for the following materials:

- **Portions of the February 3, 2025 Letter from Charles H. Chevalier to The Honorable Brian R. Martinotti, U.S.D.J. (ECF No. 119); and**

- **Portions of the February 4, 2025 Letter from James S. Richter to The Honorable Brian R. Martinotti, U.S.D.J. (ECF No. 121).**

( "the Materials").

**THE COURT FURTHER FINDS** that this is a patent action that involves confidential information and, specifically the Materials contain confidential information regarding business strategies, trade secrets, or other confidential research, development, formulation, manufacturing,

regulatory, financial, marketing, commercial, or competitive information or analysis of the producing party, or of a third party, if such material is or was within the possession, custody, or control of the producing party, that such producing party has a legitimate interest in protecting as confidential and that competitors in the marketplace could utilize to gain an unfair competitive advantage to its detriment.

**THE COURT FURTHER FINDS** that the interests of the public that warrant granting an Order to Seal the Materials include the interest of not burdening litigants' access to the Court by requiring public disclosure of valuable confidential information as a condition of litigating their rights.

**THE COURT FURTHER FINDS** that the clearly defined and serious injury that would result should the Order to Seal the Materials not be granted is that valuable business and trade secrets created at substantial expense by the Parties will be lost and competitors would unjustly gain access to them. Specifically, the Parties' confidential information would be revealed to their competitors and these competitors would unjustly gain the ability to thwart, anticipate or usurp those plans and strategies to the competitors' advantage and the Parties' loss.

**THE COURT FURTHER FINDS** that except for the redacted versions filed on the public docket no less restrictive alternative is available to prevent the defined and serious injury to the Parties.

**THE COURT FURTHER FINDS** that there are no parties or nonparties known to be objecting to the sealing of the materials.

**THE COURT FURTHER FINDS** that the Parties have complied with the dictates set forth in Local Civil Rule 5.3(c) and in case law related thereto.

**THEREFORE**, for good cause shown and in order to preserve the confidentiality of the aforementioned information;

**IT IS ORDERED** that the following shall be sealed:

- **Portions of the February 3, 2025 Letter from Charles H. Chevalier to The Honorable Brian R. Martinotti, U.S.D.J. (ECF No. 119); and**

- **Portions of the February 4, 2025 Letter from James S. Richter to The Honorable Brian R. Martinotti, U.S.D.J. (ECF No. 121).**

             **SO ORDERED:**

             _____
             HONORABLE CATHY L. WALDOR
             UNITED STATES MAGISTRATE JUDGE