Charles H. Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevalier@gibbonslaw.com

Christine A. Gaddis
GIBBONS P.C.
141 West Front Street, Suite 240
Red Bank, New Jersey 07701
(732) 704-5801
cgaddis@gibbonslaw.com

*Attorneys for Plaintiff American Regent, Inc.*

OF COUNSEL:

Dennies Varughese, Pharm.D.
Uma Everett
Christina Dashe
Alex Alfano
Ryan Conkin
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1101 K Street NW, 10th Floor
Washington, D.C. 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
cdashe@sternekessler.com
aalfano@sternekessler.com
rconkin@sternekessler.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SELENIOUS ACID | Civil Action No. 2:24-cv-07791-BRM-CLW (Consolidated) |

# AMERICAN REGENT INC.'S RESPONSIVE
# CLAIM CONSTRUCTION SUBMISSION

Plaintiff American Regent, Inc. ("ARI") hereby submits this response to Defendants' failure to submit an Opening Claim Construction Brief. Per the Court's Amended Scheduling Order (ECF No. 124), Opening Claim Construction Briefs pursuant to Local Patent Rule 4.5(a) were due April 18, 2025. In both the Joint Claim Construction Statement (ECF No. 169) and previous exchanges under Local Patent Rules 4.1 and 4.2, Defendants alleged that three terms[1] from the Asserted Patents are indefinite. Notably, indefiniteness is a defense on which Defendants carry the burden of proof. *See BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1365 (Fed. Cir. 2017) (noting that accused infringer "had the burden of proving indefiniteness by clear and convincing evidence"). Defendants, however, did not submit any opening brief with their affirmative positions on the indefiniteness issues.

By not filing an Opening Claim Construction Brief, Defendants have waived their ability to argue for an alternate construction on the terms they identified as requiring construction. *See* L. Pat. R. 4.1(a) ("[E]ach party shall serve on each other party a list of claim terms which that party contends should be construed by the Court."). These are terms Defendants, per the rule, informed the Court that are terms that need to be construed. *See* ECF No. 169 at 2 ("ARI proposed that no

---

[1] Defendants have alleged that the term "water" and two terms related to the fluoride and iodine limitations of the '565 and '957 patents are indefinite.

1

terms required construction, whereas Defendants proposed three terms for construction."). But then, without the Court's leave, Defendants neither provided any proposed constructions in the event the Court rejects their indefiniteness argument nor any opening claim construction brief on how they should be construed.

While the parties agreed to address indefiniteness during expert discovery and trial (*see* ECF No. 187 at 1–2), the deferment of indefiniteness does not relieve the parties of their duty to conduct the proper claim construction exercise at this juncture. Indeed, as ARI has previously explained, there are other issues (infringement and validity) that must be addressed during expert discovery and trial that require the claim terms to be construed. *See* ECF No. 187 at 1–2; *see also Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 996 n.7 (Fed. Cir. 1995) ("A claim must be construed before determining its validity just as it is first construed before deciding infringement.").

This whole issue could have been avoided. However, despite the requirement to construe these terms and despite never putting forth any alternative constructions, Defendants refused ARI's proposal that Defendants stipulate to ARI's proposed constructions, subject to Defendants' ability to later pursue their indefiniteness theories, and that the parties jointly seek leave from the Court to avoid briefing at this time. *See* ECF No. 187 at 2–3. This would have saved the

parties and the Court valuable time and resources during a case where the parties and the Court have already spent considerable time on a preliminary injunction motion. Yet, because of Defendants' refusal to agree to constructions on terms for which they have not proffered any competing constructions (they have only asserted indefiniteness), the parties never sought leave from the Court to forego Claim Construction briefing.

Party agreement is not enough to modify a scheduling order and Defendants never sought the Court's consent to avoid claim construction briefing at this juncture. *See* Fed. R. Civ. P 16(b)(4) ("[a] schedule may be modified only for good cause and *with the judge's consent*.") (emphasis added); *Naughton v. Harmelech*, No. 2:09-05450 (KM) (MAH), 2013 WL 5604344, at *4 (D.N.J. Oct. 11, 2013)(finding stipulation invalid where it was agreed to by the parties but "was not accepted by the Court as a binding deadline."). Therefore, the parties were required to submit opening submissions on all claim construction issues (including indefiniteness) on April 18, 2025. *See* ECF No. 124. Defendants have, in essence, granted themselves leave from having to address the claim construction issues, which are only before the Court in the first place because Defendants (not ARI) identified the terms as needing to be construed. *See* ECF No. 169 at 2.

Moreover, Defendants have forced ARI to spend time and money on an uncontested Opening Claim Construction Brief, without any proposed alternative

3

constructions, and addressing issues the parties have agreed are better dealt with later in this case. Defendants' gamesmanship should not be tolerated. The Court should construe the three terms as ARI has proposed and find that Defendants have waived the right to raise any alternate constructions as to the terms at any later time in the case. Moreover, the Court should cancel the need to submit a proposed schedule for a claim construction hearing and the hearing itself.

Dated: May 7, 2025

        s/ Charles H. Cheavlier_
Charles H. Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevalier@gibbonslaw.com

Christine A. Gaddis
GIBBONS P.C.
141 West Front Street, Suite 240
Red Bank, New Jersey 07701
(732) 704-5801
cgaddis@gibbonslaw.com

OF COUNSEL:
Dennies Varughese, Pharm.D.
Uma Everett
Adam LaRock
Christina Dashe
Alex Alfano
Ryan Conkin
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1101 K Street NW, 10th Floor
Washington, D.C. 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
alarock@sternekessler.com
cdashe@sternekessler.com
aalfano@sternekessler.com
rconkin@sternekessler.com

*Attorneys for Plaintiff American Regent, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, a true and correct copy of

**AMERICAN REGENT INC.'S RESPONSIVE CLAIM CONSTRUCTION BRIEF** was served by ECF and electronic mail on all counsel of record.

Date: May 7, 2025                    s/ Charles H. Chevalier
                                     Charles H. Chevalier

6