Charles H. Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevalier@gibbonslaw.com

Christine A. Gaddis
GIBBONS P.C.
141 West Front Street, Suite 240
Red Bank, New Jersey 07701
(732) 704-5801
cgaddis@gibbonslaw.com

*Attorneys for Plaintiff American Regent, Inc.*

OF COUNSEL:

Dennies Varughese, Pharm.D.
Uma N. Everett
Christina E. Dashe
Ryan E. Conkin
Adil B. Moghal
Andrew Z. Barnett
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1101 K Street NW, 10th Floor
Washington, D.C. 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
cdashe@sternekessler.com
rconkin@sternekessler.com
amoghal@sternekessler.com
abarnett@sternekessler.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re Selenious Acid Litigation | **No. 2:24-cv-07791-BRM-LDW (Consolidated)** |

**AMERICAN REGENT, INC.'S BRIEF IN OPPOSITION TO**
**DEFENDANTS' MOTION TO CONSOLIDATE**

i

Plaintiff American Regent, Inc. ("ARI") respectfully requests that the Court deny the Motion to Consolidate in C.A. No. 2:24-cv-07791 (the "Selenious Acid matter") and No. 2:24-cv-01022 (the "Tralement matter"). C.A. No. 2:24-cv-07791, ECF No. 255; C.A. No. 2:24-cv-01022, ECF No. 146. Defendants Cipla USA, Inc. and Cipla Limited (collectively, "Cipla"), and RK Pharma, Inc. ("RK Pharma") in C.A. No. 2:24-cv-07791[1] (collectively, "the Selenious Acid Defendants") and Defendants Apotex, Inc. and Apotex Corp. (collectively, "Apotex"), Somerset Therapeutics, LLC, Somerset Pharma, LLC, and Odin Pharmaceuticals, LLC (collectively, "Somerset"), and RK Pharma in C.A. No. 2:24-cv-01022 (collectively, "the Tralement Defendants") have failed to demonstrate that formal consolidation of the two matters into a *single* matter for trial is necessary or serves to "streamline and economize pretrial proceedings." *See* C.A. No. 2:24-cv-07991, ECF No. 255-1 at 4. Indeed, the parties are already coordinating pretrial activities such that formal consolidation is unnecessary. Moreover, consolidation for trial would only prejudice ARI's ability to pursue its infringement cases against Defendants and would only serve to confuse the issues.

I. INTRODUCTION

This case is still in the early stages, as the parties have not yet completed fact discovery. And while ARI does not oppose *coordination* of the Selenious Acid and Tralement matters—and indeed has already worked with both sets of Defendants to avoid duplicative efforts by agreeing to the same pre-trial schedule,[2] and permitting single depositions for overlapping witnesses—ARI opposes the formal consolidation of the two matters, including into a *single* trial. There is not

---

[1] Since the filing of Defendants' Motion to Consolidate, ARI has settled with Defendants Sun Pharmaceutical Industries Limited and Sun Pharmaceutical Industries, Inc. (collectively, "Sun"). *See* C.A. No. 2:24-cv-07791, ECF No. 274.

[2] The parties are currently negotiating a new schedule between the actions. At this time, ARI expects the schedules to be identical between the Tralement and Selenious Acid matters.

1

nearly enough overlap between the two matters to justify such formal consolidation, and doing so would simply result in *more* work, inefficiencies, and confusion of the issues, not less.

Defendants' arguments in favor of formal consolidation ignore the minimal overlap of issues between the two sets of cases in these matters: namely, *only* the validity of the '565 and '957 patents.[3] Yet ARI has asserted three additional patents (the '548, '022, and '956 patents) against the Tralement Defendants, and each of these patents involves formulations not at issue in the Selenious Acid matter and numerous invalidity defenses and prior art not asserted in the Selenious Acid matter. Moreover, for infringement, there is effectively *no* overlap between the matters. As shown below, each Defendant has multiple, distinct ANDA Products (based on *six* distinct ARI branded products with different single- and multi-trace element compositions available in different volumes), that are proprietary to each Defendant. The infringement issues will thus likely not overlap at all because each Defendant will likely have different non-infringement positions for their multiple, separate accused ANDA Products.

| Defendant | Tralement Matter | | | Selenious Acid Matter | | |
|---|---|---|---|---|---|---|
| | Tralement (1 mL) | Tralement (5 mL) | Multrys (1 mL) | Selenious Acid (60 mcg/1 mL) | Selenious Acid (600 mcg/10 mL) | Selenious Acid (12 mcg/2 mL) |
| Somerset | X | | X | | | |
| Apotex | X | | X | | | |
| RK Pharma | X | X | X | X | X | X |
| Cipla[4] | | | | | X | X |

---

[3] ARI has asserted U.S. Patent Nos. 11,786,548 ("the '548 patent"), 11,975,022 ("the '022 patent"), 11,998,565 ("the '565 patent"), 12,150,956 ("the '956 patent"), and 12,150,957 ("the '957 patent") in the Tralement matter. Only the '565 and '957 patents are asserted in the Selenious Acid matter.

[4] While Cipla is currently a Defendant in a related Tralement case, Cipla is not a part of the consolidated Tralement matter and does not current have a scheduling order entered. *See*

2

Given the lack of overlap between the two sets of matters, formal consolidation and a single trial run the significant risk of creating inefficiency, confusion, and delay. And given that the parties have already coordinated fact discovery and depositions, any efficiencies that formal consolidation of these cases would allegedly achieve have already been realized.

## II.     ARGUMENT

The party seeking consolidation bears the burden to show consolidation is appropriate. *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005). To make such a determination, "[a] court should weigh the interests of judicial economy against the potential for new delays, expense, confusion or prejudice." *Re: Shire LLC v. Watson Lab'ys, Inc.*, No. 12-83 (SRC)(MAS), 2012 WL 12902495, at *2 (D.N.J. June 20, 2012). "[I]f the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Notably, "[t]he mere existence of common issues, . . . does not require consolidation" of otherwise distinct cases. *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) (internal quotations omitted). Even where cases involve some common issues of law or fact "[a] motion to consolidate may be denied if the common issue is not a principle one[.]" *Ass'n of New Jersey Rifle & Pistol Clubs, Inc. v. Platkin*, No. 1:22-cv-4360 (RMB), 2023 WL 1786167, at *1 (D.N.J. Feb. 6, 2023).

Defendants have not met their burden here given the significant *lack* of common issues. As discussed above, not all Defendants have filed an ANDA for every branded product, nor have all Defendants filed an ANDA for every possible strength. Yet, each product and strength is covered by different asserted claims and will require unique analysis as part of the infringement inquiry.

---

C.A. No. 2:24-cv-08435. Moreover, ARI recently received a notice letter from Cipla regarding the Multrys product and ARI expects to file suit in due course.

3

Moreover, Defendants all have unique ANDA products with distinct properties and have put forth different non-infringement arguments. Furthermore, no Defendant has stipulated to infringement. Simply put, ARI will need to put on a different infringement case for each Defendant and product that will certainly involve different asserted claims. Given all the numerous infringement proofs a single trial would require, ARI would need substantially more time to present its affirmative case than Defendants, who will only have a collective invalidity proof. Unsurprisingly, Defendants' brief entirely ignores the infringement inquiry and focuses only on the limited overlap of validity issues. Defendants' failure to address the significant *non*-overlap in infringement issues alone is reason to deny the requested consolidation. *See Aerotel, Ltd. v. Verizon Commc'ns Inc.*, 234 F.R.D. 64, 66 (S.D.N.Y. 2005) (denying consolidation where although "the same patent is at issue in the two cases, these actions involve entirely different defendants and, for the most part, different [accused] products"); *Ledalite Architectural Prods. v. Focal Point, LLC*, No. 08-cv-394-SLC, 2008 WL 4964733, at *1 (W.D. Wis. Nov. 14, 2008) (denying request for consolidation even though the cases involved the same patent and the same prior art, because the question of infringement in each case would require a separate comparison of each product to the patents).

Moreover, contrary to Defendants' assertions, the validity issues between the two matters are significantly different. First, the cases involve the development of different products. Second, because there are three unique patents asserted in the Tralement matter that are *not* asserted in the Selenious Acid matter, the parties will thus need to address multiple different validity challenges (including additional unique prior art references) in Tralement that they will not need to address in Selenious Acid. The Tralement matter also involves additional inequitable conduct claims that are not at issue in the Selenious Acid matter. *See* C.A. No. 2:24-cv-01022, ECF Nos. 145, 159. And Defendants' focus on the fact that all five Asserted Patents involve the same three inventors

4

(*see* C.A. No. 2:24-cv-07791, ECF No. 255-1 at 5) is misplaced. The mere overlap of inventors says nothing about whether the validity issues are the same between the different patents—they are not. Indeed, the two overlapping patents relate to a trace element product containing only a single trace element, selenium, whereas the three patents unique to Tralement involve multiple trace elements in a single formulation. *Compare* C.A. No. 2:24-cv-07791, ECF No. 187; C.A. No. 2:24-cv-01022, ECF No. 111. Contrary to Defendants' assertion that the single-element and multi-element products are "substantially similar" (C.A. No. 2:24-cv-07791, ECF No. 255-1 at 5), the single-element and multi-element products will require unique analysis, evidence, and expert testimony.

Because the Tralement and Selenious Acid matters involve unique issues of fact and law, consolidation for trial will not simplify matters. With their Motion, Defendants ask the Court to take on an unworkable set of trial logistics including: (i) dozens of individual infringement proofs unique to each Defendant, each product, and each strength which will likely require multiple interruptions to seal the courtroom, (ii) validity issues unique to two sets of patents, and (iii) inequitable conduct issues unique to only one matter. Regardless of whether consolidation occurs, the parties' experts will still need to analyze each product separately for infringement. Similarly, ARI will still be forced to defend against inequitable conduct claims unique to the Tralement matter. Formal consolidation at this time, especially for trial, only serves to create inefficiencies rather than streamline the cases and further judicial efficiency.

As a practical matter, given the nature of a bench trial and the number of distinct issues, trial may still need to be bifurcated in view of the Court's schedule. Consolidating all issues for one case or one trial would not simplify the parties' burden. In addition, between now and trial, the contours of the case may change and the parties may be differently situated. For example, 5

5

Defendants have settled in the Tralement/Multrys matter and 15 defendants have settled in the Selenious Acid matter. As the parties complete fact and expert discovery and prepare a Pretrial Order, the issues that will be presented at trial will be clearer, and at that time the parties and the Court can determine whether any efficiencies from consolidation exist.

### III. CONCLUSION

In view of the foregoing, at this time ARI respectfully requests this Court deny Defendants' Motion to Consolidate the Tralement (C.A. No. 2:24-cv-01022) and Selenious Acid (C.A. No. 2:24-cv-07791) matters.

Date: September 22, 2025

OF COUNSEL:

Dennies Varughese, Pharm.D.
Uma N. Everett
Christina E. Dashe
Ryan E. Conkin
Adil B. Moghal
Andrew Z. Barnett
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1101 K Street NW, 10th Floor
Washington, D.C. 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
cdashe@sternekessler.com
rconkin@sternekessler.com
amoghal@sternekessler.com
abarnett@sternekessler.com

Respectfully submitted,

s/ Charles H. Chevalier
Charles H. Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevalier@gibbonslaw.com

Christine A. Gaddis
GIBBONS P.C.
141 West Front Street, Suite 240
Red Bank, New Jersey 07701
(732) 704-5801
cgaddis@gibbonslaw.com

*Attorneys for Plaintiff American Regent, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2025, a true and correct copy of **AMERICAN REGENT, INC.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE** was served by electronic mail on all counsel of record.

Date: September 22, 2025                             s/ Charles H. Chevalier
                                                                              Charles H. Chevalier